IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUY R. MARTINO,<br><br>        Plaintiff,<br>    v.<br><br>MCI COMMUNICATIONS SERVICES, INC., d/b/a VERIZON BUSINESS SERVICES,<br><br>        Defendant. | Case No. 08 CV 04811<br><br>Judge St. Eve<br><br>Magistrate Judge Nolan |

**DEFENDANT VERIZON BUSINESS'S ANSWER AND DEFENSES**

Defendant Verizon Business Network Services, Inc. ("Verizon Business"), improperly named in Plaintiff's Complaint as MCI Communication Services, Inc., d/b/a Verizon Business Services, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Guy R. Martino, and in support states as follows:[1]

**PARTIES**

1.      MARTINO is a citizen of the United States and the State of Illinois.  He currently resides in West Chicago, Illinois.

**ANSWER:**     Verizon Business admits the allegations of Paragraph 1 of the Complaint.

2.      Defendant MCI Communications Services Inc. is a Delaware corporation engaged in the business of telecommunications services and operates under an assumed name of Verizon

---

[1] MCI Communications Services, Inc. did not employ Plaintiff Guy R. Martino.  To the extent Plaintiff continues to pursue his claims against this entity, MCI Communications Services, Inc. lacks sufficient information as to the allegations regarding Plaintiff's employment and therefore denies them.

Business Services, (herein, "MCI").  Defendant maintains one or more offices in Chicago, Cook County, Illinois.

**ANSWER:**  Verizon Business admits that it is a Delaware corporation engaged in the business of telecommunications services and that it maintains one or more offices in Chicago, Cook County, Illinois.  Verizon Business denies the remaining allegations to the extent they imply MCI Communications Services, Inc. employed Plaintiff.

## BACKGROUND FACTS

3.  MARTINO was hired by MCI on February 5, 2005 as a Senior Business Consultant.

**ANSWER:**  Verizon Business denies the allegations of Paragraph 6 of the Complaint.  Further answering, Verizon Business states that Plaintiff was hired by MCI Network Services, Inc. on February 9, 2005 as a sales representative.

4.  Throughout his employment with MCI, MARTINO performed to the company's legitimate expectations.

**ANSWER:**  Verizon Business denies the allegations of Paragraph 4 of the Complaint.

5.  On or about July 30, 2006 MARTINO's employment by MCI was terminated.

**ANSWER:**  Verizon Business denies the allegations of Paragraph 5.  Further answering,. Martino's employment with Verizon Business was terminated effective July 14, 2006.

## COUNT I – BREACH OF CONTRACT

6.  Plaintiff repeats and realleges Paragraphs 1 through 5 and incorporates them by reference herein.

**ANSWER:**  Verizon Business incorporates by reference its responses to paragraphs 1 through 5 of the Complaint.

7. MARTINO and MCI agreed at the outset of his employment that in addition to his base salary, that MARTINO would be paid certain commissions for his work in generating non-CPE sales as well as for CPE sales as defined by a compensation plan. The most recent plan governing compensation to be paid to MARTINO was the 2006 Verizon Business Specialized Services Hosting Solutions Business Solutions Consultant Compensation Plan, ("the Plan"). A copy of the Plan is attached hereto as Exhibit 1.

**ANSWER:** Verizon Business admits that Exhibit 1 appears to be a true and correct copy of the 2006 Verizon Business Specialized Services Hosting Solutions Business Solutions Consultant Compensation Plan. Verizon Business denies each of the remaining allegations in Paragraph 7 of the Complaint.

8. As of this date, MCI has breached said contract and Plan by failing to pay MARTINO all of said commissions in the sum of at least $106,278.53.

**ANSWER:** Verizon Business denies the allegations of paragraph 8 of the Complaint.

9. MARTINO made a written demand on October 9, 2006 for his commissions, Exhibit 2, and counsel for MARTINO made a similar written demand on December 18, 2006. Exhibit 3.

**ANSWER:** Verizon Business admits that Exhibits 2 and 3 appear to be true and correct copies of letters sent to Verizon Business by Plaintiff and his counsel demanding unpaid commissions. Verizon Business denies that Plaintiff is entitled to any unpaid commissions.

10. MARTINO has been damaged in the sum of at least $106,278.53. Plaintiff is also entitled to prejudgment interest as this sum is liquidated.

**ANSWER:** Verizon Business denies the allegations of paragraph 10 of the Complaint.

WHEREFORE, Plaintiff GUY R. MARTINO respectfully prays that this Honorable

Court enter a judgment in favor of Plaintiff and against Defendant MCI Communications Services Inc. in the sum of $106,278.53 along with prejudgment interest and all costs of this action.

**ANSWER:**    Verizon Business denies the allegations of the Wherefore paragraph and further denies that Plaintiff is entitled to judgment or to any of the relief requested.

### COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

11.    Plaintiff repeats and realleges Paragraphs 1 through 5 and incorporates them by reference herein.

**ANSWER:**    Verizon Business incorporates by reference its admissions and denials in response to Paragraphs 1 through 5 of the Complaint.

12.    MARTINO and MCI agreed at the outset of his employment that in addition to his base salary, that MARTINO would be paid certain commissions for his work in generating non-CPE sales as well as for CPE sales as defined by a compensation plan.  The most recent plan governing compensation to be paid to MARTINO was the 2006 Verizon Business Specialized Services Hosting Solutions Business Solutions Consultant Compensation Plan, ("the Plan").

**ANSWER:**    Verizon Business admits that Exhibit 1 appears to be a true and correct copy of the 2006 Verizon Business Specialized Services Hosting Solutions Business Solutions Consultant Compensation Plan. Verizon Business denies each of the remaining allegations in Paragraph 7 of the Complain

13.    During all relevant times, a statute existed, which is known as the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.  (the "Act"), providing for a private cause of action.

**ANSWER:**    Verizon Business admits that the Illinois Wage Payment and Collection Act exists

and provides for a private cause of action.  Verizon Business denies the allegations of Paragraph 13 to the extent that Plaintiff implies he has stated a private cause of action under the statute.

14.     On or before July 30, 2006 MCI was an employer as it is defined in the Act.  820 ILCS 115 § 2.

**ANSWER:**     Verizon Business admits that it is an employer as that term is defined by the Act.  Verizon Business denies the remaining allegations to the extent they imply MCI Communications Services, Inc. employed Plaintiff.

15.     On or before July 30, 2006, Plaintiff was an employee such that he was an individual permitted to work by an employer in an occupation.  820 ILCS 115 § 2.

**ANSWER:**     Verizon Business admits the allegations in Paragraph 15 of the Complaint.

16.     MCI willfully refused to pay Plaintiff his commissions due to him pursuant to the terms of his contract and the Plan.

**ANSWER:**     Verizon Business denies the allegations of Paragraph 16 of the Complaint.

17.     MARTINO made a written demand on October 9, 2006 for his commissions, Exhibit 2, and counsel for MARTINO made a similar written demand on December 18, 2006 wages in accordance with 705 ILCS 225/1, (Exhibit 3).

**ANSWER:**     Verizon Business admits that Exhibits 2 and 3 appear to be true and correct copies of letters sent to Verizon Business by Plaintiff and his counsel demanding unpaid commissions.  Verizon Business denies that Plaintiff is entitled to any unpaid commissions.

18.     MARTINO is owed a minimum amount of commissions in the sum of $106,278.53.

**ANSWER:**     Verizon Business denies the allegations of Paragraph 18 of the Complaint.

WHEREFORE, the Plaintiff, GUY MARTINO, respectfully prays that this Honorable

Court enter a judgment in his favor and against the Defendant, MCI Communications Services Inc., for wages in the sum of $106,278.53 as and for wages under the balance of the contract, for punitive damages in an amount equal to 2% of the wages owed for each month during which the underpayments remain owed; and for costs of this action and reasonable attorney's fees.

**ANSWER:** Verizon Business denies the allegations of the Wherefore paragraph and further denies that Plaintiff is entitled to judgment or to any of the relief requested.

### COUNT III — PROMISSORY ESTOPPEL

19. Plaintiff repeats and realleges Paragraphs 1 through 5 and incorporates them by reference herein.

**ANSWER:** Verizon Business incorporates by reference its admissions and denials in response to Paragraphs 1 through 5 of the Complaint.

20. MCI, through its agents, representatives and employees, and specifically, Plaintiff's Supervisor, Robert Gross, ("Gross"), and Paul Jacobi, ("Jacobi"), Vice-President of the Hosting Group, made unambiguous promises to Plaintiff that his commissions for 2006 would not be paid in full and not subjected to any cap.

**ANSWER:** Verizon Business denies the allegations of Paragraph 20 of the Complaint.

21. During all relevant times herein, Gross and Jacobi acted in a management capacity on behalf of MCI.

**ANSWER:** Verizon Business denies the allegations of Paragraph 21.

22. MARTINO relied upon Gross's, Jacobi's and MCI's unambiguous promises in stating that he would be paid all of his commissions for 2006.

**ANSWER:** Verizon Business denies the allegations of Paragraph 22 of the Complaint.

23. The Plaintiff's reliance upon Gross's, Jacobi's and MCI's unambiguous promises

CHI-1666294v2

was reasonable and foreseeable.

**ANSWER:** Verizon Business denies the allegations of Paragraph 23 of the Complaint.

24. The Plaintiff suffered detriment in that he continued to sell hosting services on behalf of MCI without being compensated therefor.

**ANSWER:** Verizon Business denies the allegations of Paragraph 24 of the Complaint.

25. Injustice can be avoided only by the enforcement of the promises made by Gross, Jacobi and MCI.

**ANSWER:** Verizon Business denies the allegations of Paragraph 25 of the Complaint.

**WHEREFORE**, the Plaintiff, GUY MARTINO, respectfully prays that this Honorable Court enter a judgment in his favor and against the Defendant, MCI Communications Services Inc., for wages in the sum of $208,445.11 plus prejudgment interest under Illinois law.

**ANSWER:** Verizon Business denies the allegations of the Wherefore paragraph and further denies that Plaintiff is entitled to judgment or to any of the relief requested.

## COUNT IV – QUANTUM MERUIT/UNJUST ENRICHMENT

26. Plaintiff repeats and realleges Paragraphs 1 through 5 and incorporates them by reference herein.

**ANSWER:** Verizon Business incorporates by reference its admissions and denials in response to Paragraphs 1 through 5 of the Complaint.

27. During his employment, MARTINO procured accounts and sold services to clients of MCI. As part of his work, MARTINO performed many services, including but not limited to bringing MCI and its clients together, conducting negotiations and supplying information.

**ANSWER:** Verizon Business denies the allegations of Paragraph 27 of the Complaint.

28.     MARTINO conferred a benefit upon MCI by procuring accounts and selling services to its clients, including BP Amoco, and as a result, MCI received a benefit or profit from those sales both during and after MARTINO's employment.

**ANSWER:**   Verizon Business denies the allegations of Paragraph 28 of the Complaint.

29.     MARTINO performed those services in a non-gratuitous manner, as he reasonably expected to be compensated and receive commissions for procuring the BP Amoco account among others pursuant to the Plan.

**ANSWER:**   Verizon Business denies the allegations of Paragraph 29 of the Complaint.

30.     MCI accepted and benefited from these services of MARTINO both during and after MARTINO's employment.

**ANSWER:**   Verizon Business denies the allegations of Paragraph 30 of the Complaint.

31.     MCI's retention of said benefits and profits from the accounts MARTINO procured, without just compensation or restitution to MARTINO, is inequitable and unjustly enriches MCI at the expense of MARTINO.

**ANSWER:**   Verizon Business denies the allegations of Paragraph 31 of the Complaint.

32.     No enforceable contract or adequate remedy at law exist to adequately prescribe payment for said services rendered by MARTINO, and MARTINO should be rightfully compensated and paid commissions for the services, benefits and profits that MCI received both during and after his employment.

**ANSWER:**   Verizon Business denies the allegations of Paragraph 32 of the Complaint.

33.     MARTINO is entitled to commissions from the revenue generated during his employment and after from the accounts, which he procured.

**ANSWER:**   Verizon Business denies the allegations of Paragraph 33 of the Complaint.

**WHEREFORE**, the Plaintiff, GUY MARTINO, respectfully prays that this Honorable Court enter a judgment in his favor and against the Defendant, MCI Communications Services Inc., for wages in the sum of $208,445.11 plus prejudgment interest under Illinois law.

**ANSWER:**   Verizon Business denies the allegations of the Wherefore paragraph and further denies that Plaintiff is entitled to judgment or to any of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Verizon Business and further fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief whatsoever from Verizon Business.

2. Plaintiff's claims are barred, in whole or in part, because MCI Communications Services, Inc. is not a proper party defendant.

3. Plaintiff's claim for damages is barred to the extent he has failed to mitigate damages.

4. Plaintiff's breach of contract claim is improper because there was and is no contract between the parties.

5. Plaintiffs quasi-contractual claims for promissory estoppel and quantum meruit/unjust enrichment are barred because they cannot be pursued simultaneously with Plaintiff's breach of contract claim.

6. Plaintiff's breach of contract, Illinois Wage Payment and Collection Act, and promissory estoppel claims are barred because Plaintiff executed an effective disclaimer of contract formation.

7. Plaintiff's claims are barred by the affirmative defenses of estoppel, waiver,

unclean hands, and laches.

8.       Plaintiff's claims are barred to the extent Plaintiff failed to exhaust internal remedies and/or claim review.

Defendant Verizon Business reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE**, Defendant Verizon Business prays as follows:

(1)     That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.


Dated: August 29, 2008                          Respectfully submitted,


                                                /s/ Jonathan M. Linas
                                                Michael J. Gray, IL No. 06210880
                                                Jonathan M. Linas, IL No. 6290055
                                                JONES DAY
                                                77 West Wacker
                                                Chicago, IL  60601-1692
                                                Telephone: (312) 782-3939
                                                Facsimile: (312) 782-8585
                                                mjgray@jonesday.com
                                                jlinas@jonesday.com

                                                *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2008, I electronically filed the foregoing Defendant Verizon Business's Answer and Defenses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

Eugene K. Hollander
Paul W. Ryan
THE LAW OFFICES OF EUGENE K. HOLLANDER
33 North Dearborn, Suite 2300
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com

/s/ Jonathan M. Linas
One of the Attorneys for Verizon Business